Jorge Jaramillo, state bar no. 208122
427 "c" street, suite 306
san diego, california  92101
telephone (619)944-1370


Attorney for Defendant
OSCAR ORTIZ MARTINEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Hon. BARRY TED MOSKOWITZ )

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  10 CR 3986-BTM |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES IN SUPPORT OF** |
| vs. | ) | **MOTIONS FOR JUDGEMET OF** |
| | ) | **ACQUITTAL PURSUANT TO FED.** |
| | ) | **R. CRIM. P. 29, MOTION FOR NEW** |
| OSCAR ORTIZ MARTINEZ (1), | ) | **TRIAL** |
| | ) | |
| | ) | Date:  November 2, 2012 |
| | ) | Time:  2:00 p.m. |
| Defendant. | ) | |

**TO THE ABOVE-ENTITLED COURT AND TO LAURA DUFFY, UNITED STATES ATTORNEY AND TO AARON CLARK AND JOANNA CURTIS, ASSISTANT UNITED STATES ATTORNEYS:**

   Please take notice that on November 2, 2012 or as soon thereafter, the defendant OSCAR ORTIZ MARTINEZ by and through counsel,  JORGE JARAMILLO will ask this Court to enter an order granting the motion for a new trial.

///

///

///

///

# I.

## THE COURT SHOULD SET ASIDE THE VERDICT AND GRANT A JUDGEMENT O ACQUITTAL

### A.  THERE WAS INSUFFICIENT EVIENCE TO SUPPORT THE VERDICT BECAUSE MR. ORTIZ MARTINEZ NEVER AGREED TO PARTICIPATE IN A CONSPIRACY WITH VICTOR SILVA.

**Federeal Rule of Criminal Procedure 29(c) provides as follows:**

**Rule 29. Motion of Judgment of Acquittal**

(c) Motion After Discharge of Jury. If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such motion that a similar motion has been made prior to the submission of the case to the jury.

In *United States v. Pacheco-Medina,* 212 F.3d 1162, 1166 (9th Cir. 2000), The defendant appealed from the denial of Rule 29 Motion. The Court determined that the standard of review is as follows:

> We review the denial of a motion for acquittal under Federal Rule of Criminal Procedure 29 de novo.  See United States v. Neill, 166 F.3d 943, 948 (9th Cir.), cert. denied, 526 U.S. 1153, 119 S. Ct. 2037, 143 L. Ed. 2d 1046 (1999). " Consequently, this court must review the evidence presented against the defendant in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.

In the instant case, the evidence did not support the verdict.  The entire case of The government centered on the testimony of Victor Silva as a co-conspirator.  It is the defense position that the testimony of Victor Silva was allowed into evidence in error, as no Conspiracy was proven between Victor Silva and Oscar Ortiz Martinez.  The government may have proven a conspiracy between Oscar Ortiz and Vicente Murillo, however that conspiracy does not rise to the verdict as Vicente Murillo was an informer for the government.  The defense request that this Court enter a judgment of acquittal as to the Conspiracy Count in this case.

B.  **THERE WAS NO EVIDENCE OF KNOWLEDGE OF THE OBEJCTIVE OF THE CONSPIRACY**

Knowledge of the objective of the conspiracy is an essential element of a conspiracy conviction. *United States v. Rojas-Oquita* 940 F.2d 1247, 1250 (9th Cir. 1991), *United States v. Krasovich,* 819 F.2d 253, 255 (9th Cir. 19987). As held in *Rojas-Oita, supra:*

> The Supreme court has warned, "Without the knowledge, the intent cannot exist…Furthermore, to establish the intent, the evidence of knowledge must be clear, not equivocal…This, because charges of conspiracy are not to be made out by piling inference upon inference, thus fashioning…a dragnet to draw in all substantive crimes." *Ingram v. Unied States,* 360 U.S. 672, 680, 79 S. Ct. 1314, 1320, 3 L.Ed.2d 1503, 1509 (1959) (quoting *Direct Sales Co. v United States*, 319 U.S. 703, 711, 63 S.Ct. 1265, 1269, 87 L.Ed. 1674 (1943)).

Conspiracy, by its nature, requires the government to prove that at least two persons had an agreement to commit the underlying offense. *United States v. Hart*, 963 F.2d 1278, 1283 (9th Cir. 1992); *United States v. Becker*, 720 F.2d 1033, 1035 (9th Cir. 1983).  The government must show (1) an agreement to accomplish an illegal objective; (2) the commission of an overt act in furtherance of the conspiracy ; and (3) the requisite intent necessary to commit the underlying offense.  *United States v. Lennick*, 18 F3d 814, 818 (9th Cir. 1994); *United States v. Taren-Palma*, 997 F.2d 525, 536 (9th Cir. 1993).  See, also, *United States v. McIntire*, 836 F2d. 467, 471 (10th Cir. 1987). Although an agreement may be inferred from the defendant's acts or from other circumstantial evidence, *id*., "Simple knowledge, approval of , or acquiescence in the object or purpose of a conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient." *Lennick, supra; United Sates, v. Melchor-Lopez*, 627 F2d. 886, 891, (9th Cir. 1980).

In the instant case, there is no evidence that Mr. Ortiz-Martinez had any knowledge of the object or purpose of his alleged co-conspirator Victor Silva.  Without this proof of knowledge. There is no conspiracy because Mr. Ortiz Martinez could not legally commit a conspiracy with Vicente Murillo.  In the instant case, Court's Jury Instruction No. 19, clearly stated to the jury that "there can be no conspiracy when the only person with whom the Defendant allegedly conspired was a government agent or informer." In the instant case if a conspiracy was proven it

was a conspiracy between Oscar Ortiz Martinez and Vicente Murillo, a government informer. Therefore a conspiracy between Oscar Ortiz Martinez and Vicente Murillo can not occur.

**CONCLUSION**

    For the foregoing reasons, Mr. Oscar Martinez respectfully requests that this Court grant these motions, as well as the motion for a new jury trial.

Dated: October 11, 2012                        Respectfully submitted,

                                        By: /s/ Jorge Jaramillo
                                        JORGE JARAMILLO
                                        Attorney for Defendandt
                                        Oscar Ortiz Martinez

**CERTIFICATE OF SERVICE**

I DECLARE THAT:

    I am employed in the City and County of San Diego, California. I am a citizen of the United States, over the age of eighteen, and not a party to this action. My business address is 427 "C" Street, Suite 300, San Diego, California, 92101.

    On the 9th day of July, 2012 I served the below described documents:
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR NEW JURY TRIAL:**

        On the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

        To: US Attorney's Office

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed this 12th day of OCTOBER, 2012 in San Diego, California.

                                                  /s/ Jorge Jaramillo_____
                                                 JORGE JARAMILLO